## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

**KATHLEEN ERSKINE,**

     **Plaintiff,**

v.

**PALISADES COLLECTION, LLC; and DOE 1-5**

     **Defendants.**

Civil Action No. _____

## COMPLAINT

### (Jury Trial Demanded)

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Plaintiff suffered from Defendant's alleged activity while Plaintiff so resided.

### PARTIES

3. Plaintiff, KATHLEEN ERSKINE (hereinafter "Ms. Erskine" or "Plaintiff"), is a natural person residing in Vero Beach, Florida.  Defendant, PALISADES COLLECTION, LLC

1

(hereinafter "Defendant") is a limited liability company believed to maintain its principle place of business at 210 Sylvan Ave. in Englewood Cliff, New Jersey.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.  Defendants PALISADES COLLECTION, LLC and DOE 1-5 shall be jointly referred to herein as "Defendants".

4. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. In May of 2011, Defendants began contacting Ms. Erskine at her home phone number in connection with an attempt to collect a consumer debt from Beverly Williams, an individual Ms. Erskine has no knowledge of.

6. Defendants placed 2-3 calls a week to Ms. Erskine, each of which were apparently made with the use of an automated dialer and prerecorded message.  Defendants constantly left two varieties of message on Ms. Erskine's answering machine, the contents of which are substantially as follows:

Message type 1:

"I am calling from Palisades Collections.  This is to collect a debt.  It is imperative that you call us at 1-800-414-8319.  Enter your case number: 15924990.  This call is for Beverly Williams."

Message Type 2:

"If you are Beverly Williams Press 1.  If you are not Beverly Williams Press 2."

Ms. Erskine was unable to speak with a live agent on the occasions in which she answered the calls.   Upon answering Defendants' calls, Ms. Erskine would either be promptly hung up on or she would hear the aforementioned prerecorded messages.

7. In an effort to stop in the increasingly harassing calls, Ms. Erskine called Defendants' various telephone numbers as obtained from her caller-ID.  She found it impossible to reach a live person at Defendants' phone numbers.  Ms. Erskine researched Defendants' website but found no method of contact.

8. Ms. Erskine, harassed and unable to terminate the calls, retained counsel with Centennial Law Offices.

9. On October 28, 2011, Attorney Robert Amador of Centennial Law Offices called Defendants.  Mr. Amador found it impossible to communicate with anyone at Defendants' numbers.  Throughout November and December of 2011, Mr. Amador and staff from Centennial Law offices attempted to contact Defendants by telephone to no avail.  Defendants' automated calls to Ms. Erskine continued.  On November 11, 2011, Mr. Amador sent Defendants a demand letter.  As of December 19, 2011, Defendants continued to call Ms. Erskine 2-3 times per week.

10.     On August 30, 2012, Centennial Law Offices staff was able to reach Defendants by telephone.  Defendants confirmed that they had been calling Ms. Erskine's number in an attempt to contact a Beverly Williams.

## CAUSES OF ACTION

### COUNT I

11.     Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d with respect to Plaintiff by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $1,955.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  November 30, 2012            /s/Brooke Terpening_____

                                                    BROOKE TERPENING, ESQ.
                                                  (FL Bar ID 59574)
                                                  Attorney for Plaintiff
                                                  Centennial Law Offices
                                                  9452 Telephone Rd. 156
                                                  Ventura, CA. 93004
                                                  (888)308-1119 ext. 130
                                                  B.Terpening@centenniallawoffices.com